IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

RUDOLPH EDGESTON JR.,
ADC #084768                                                                                          PLAINTIFF

V.                              CASE NO. 1:16-CV-17-DPM-BD

KEITH McCLUNG and SHEILA ARMSTRONG                                      DEFENDANTS

## RECOMMENDED DISPOSITION

I.    **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

II.   **Background**

Rudolph Edgeston Jr., an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his medical needs. (Docket entry #2)

Defendants have now moved for summary judgment, contending that Mr. Edgeston did not fully exhaust his administrative remedies before filing this lawsuit.

(#17)  Mr. Edgeston has responded to the motion, and the Defendants have replied.  (#22, #23)

### III.  Discussion

The Prison Litigation Reform Act ("PLRA") requires federal courts to dismiss all claims that were not fully exhausted before suit was filed.  See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").  Neither the inmate's subjective beliefs about the effectiveness of the grievance process nor his confusion about the process can excuse the exhaustion requirement.  *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Defendants offer the affidavit of Shelly Byers, the ADC medical grievance coordinator, in support of their motion.  (#18-3)  Ms. Byers testifies that Mr. Edgeston submitted one grievance with regard to the claims raised in this lawsuit, grievance GR-16-0097.  (#18-3 at p.2)

On January 14, 2016, Mr. Edgeston submitted grievance GR-16-0097, complaining about his need for dentures.  (#18-2 at p.5)  On February 17, 2016, he

received a response to his unit level grievance from health services.  (#18-2 at p.3)  On March 28, 2016, the Deputy Director for Health and Correctional Programs issued an appeal decision for grievance GR-16-0097.  (#18-1 at p.1)

Meanwhile, however, Mr. Edgeston had filed this lawsuit, on February 29, 2016. Because he had failed to complete the grievance process with regard to grievance GR-16-0097 before filing this lawsuit, Mr. Edgeston's claims must be DISMISSED, without prejudice to his right to re-file the lawsuit now that he has exhausted.

### IV.     Conclusion

Based on the undisputed evidence in the record, the Court recommends that the Defendants' motion for summary judgment (#17) be GRANTED.  Mr. Edgeston's claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies before filing this lawsuit.

DATED this 26th day of May, 2016.

_____
UNITED STATES MAGISTRATE JUDGE